PAUL T. CULLEN, State Bar No. 193575
THE CULLEN LAW FIRM, APC
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301-1555
Tel: 626.744.9125
Fax: 626.744.9436
Email: paul@cullenlegal.com

*Attorneys for Plaintiffs*
*TYRONE SMITH, GREG VILLANUEVA,*
*and JOHN CAUDILL*

JOHN S. BATTENFELD, State Bar No. 119513
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
Tel: 213.612.2500
Fax: 213.612.2501
Email: jbattenfeld@morganlewis.com

*Attorneys for Defendant*
*BIMBO BAKERIES USA, INC.*

*(Counsel continued on next page)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE SMITH, GREG VILLANUEVA, and JOHN CAUDILL, individuals, on behalf of themselves, all others similarly situated, and the general public, <br><br> Plaintiff, <br><br> v. <br><br> BIMBO BAKERIES USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV 12-1689 CAS (PJWx) <br><br> STIPULATED PROTECTIVE ~~CONFIDENTIALITY AGREEMENT~~ ORDER. PJW <br><br> NOTE CHANGES THROUGHOUT. |

**ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL.**

PJW

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. CV 12-1689 CAS (PJWX)
STIPULATED CONFIDENTIALITY AGREEMENT

1  STANLEY D. SALTZMAN, State Bar No. 90058
   MARCUS J. BRADLEY, State Bar No. 174156
2  CHRISTINA A. HUMPHREY, State Bar No. 226326
   KILEY L. GROMBACHER, State Bar No. 245960
3  LESLIE H. JOYNER, State Bar No. 262705
   MARLIN & SALTZMAN, LLP
4  29229 Canwood Street, Suite 208
   Agoura Hills, CA 91301
5  Tel: 818.991.8080
   Fax: 818.991.8081
6  ssaltzman@marlinsaltzman.com
   mbradley@marlinsaltzman.com
7  chumphrey@marlinsaltzman.com
   kgrombacher@marlinsaltzman.com
8  ljoyner@marlinsaltzman.com

9  *Attorneys for Plaintiffs TYRONE SMITH, GREG VILLANUEVA and JOHN CAUDILL*

10

11 MEGAN BARRY BOROVICKA, State Bar No. 241205
   MORGAN, LEWIS & BOCKIUS LLP
12 One Market, Spear Street Tower
   San Francisco, CA 94105
13 Tel: 415.442.1000
   Fax: 415.442.1001
14 Email: mborovicka@morganlewis.com

15 MICHAEL J. PUMA (admitted *pro hac vice*)
   MORGAN, LEWIS & BOCKIUS LLP
16 1701 Market St.
   Philadelphia, PA 19103
17 Tel: 215.963.5000
   Fax: 215.963.5001
18 Email: mpuma@morganlewis.com

19 *Attorneys for Defendant*
   *BIMBO BAKERIES USA, INC*

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. CV 12-1689 CAS (PJWX)
STIPULATED CONFIDENTIALITY AGREEMENT

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(Plaintiffs Tyrone Smith, Greg Villanueva, and John Caudill ("Plaintiffs") and Defendant Bimbo Bakeries USA, Inc. ("Defendant") (collectively, the "Parties") have stipulated that certain discovery material be treated as confidential (hereinafter "Confidentiality Agreement");

WHEREAS, the Parties agree that it is critical to maintain the confidentiality of certain documents and information produced in this litigation and to ensure that such documents and information are used for purposes of this litigation only;

Accordingly, IT IS HEREBY STIPULATED, by and between the Parties:

1.  The Parties shall have the right to limit access to any document or data produced in discovery or other item relevant to this litigation, including without limitation, data or documents produced by a party or third third-party, answers to interrogatories, and any portion of deposition testimony or other testimony by a witness, to the counsel for the Parties. Such documents and data include, without limitation, those that contain confidential compensation, benefits, work hours, and other personal information pertaining to putative class members other than the named Plaintiffs.

2.  Such documents or other tangible items must be designated by conspicuously stamping the words "COUNSEL ONLY" on each page of the designated material or by notifying the other Party in writing of the material to be considered so designated. With regard to testimony, a Party must notify the other parties of the portion of testimony to be designated "COUNSEL ONLY" either on the record at the deposition or in writing not later than ten (10) days after the transcript is received.

3.  All information designated as "COUNSEL ONLY" shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of the Court. All data and documents produced by Defendant for purposes of mediation shall be designated as

"COUNSEL ONLY" without objection by Plaintiff or his counsel. All information designated as "COUNSEL ONLY" shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than: THE COURT AND ITS PERSONNEL;

a. the undersigned counsel and attorneys from their respective law firms, in-house counsel for Defendant, and the employees of any of the above counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

b. any outside expert or consultant engaged by a Party for the purpose of assisting in this litigation, provided, however, that such outside expert or consultant agrees in writing to comply with the terms of this Stipulation in the format attached as Exhibit A hereto;

c. any trial or deposition witnesses, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action, provided that all individual identifier information and all individual compensation and benefits information pertaining to putative class members other than the named Plaintiffs is redacted before the document(s) or information designated for "COUNSEL ONLY" is shared with the witness(es) <u>and</u> only if, prior to any such dissemination, the witness(es) provide a written statement in the format attached as Exhibit "A" hereto, that they agree to be bound by this Confidentiality Agreement;

d. any person who was involved in the preparation of the document or information;

e. any other person, entity, or firm with the prior written consent of all Parties; or

f. any mediator selected by the parties.

4. The Parties shall also have the right to designate as "CONFIDENTIAL" any document, data, or other item relevant to this litigation,

including, without limitation, data or documents produced by a party or third third-party, answers to interrogatories, and any portion of deposition testimony or other testimony by a witness. Such documents and data include, without limitation, employment records, payroll records, financial/accounting records of any Party, and time-keeping data.

5. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other Party in writing of the material to be considered so designated. With regard to testimony, a Party must notify the other parties of the portion(s) of the record to be designated "CONFIDENTIAL" either on the record at the deposition or in writing not later than ten (10) days after the transcript is received.

6. All information designated as "CONFIDENTIAL" shall be used only for the purposes of this action and shall not be used for any other purpose except upon written consent of the designating party or order of the Court. All information designated as "CONFIDENTIAL" shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a. the named Plaintiff in this action, the undersigned counsel and attorneys from their respective law firms, in-house counsel for Defendant, and the employees of any of the above counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

    b. any expert or consultant engaged by a Party for the purpose of assisting in this litigation, provided, however, that such outside expert or consultant agrees in writing to comply with the terms of this Stipulation in the format attached as Exhibit A hereto;

    c. any trial or deposition witnesses, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3   CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER MUST BE SUBMITTED TO THE COURT WITH AN "CONFIDENTIAL" OR "COUNSEL ONLY" APPLICATION UNDER RULE 79-5 TO BE FILED UNDER SEAL.

of this action <u>and</u> only if, prior to any such dissemination, the witness(es) provide a written statement in the format attached as Exhibit "A" hereto, that they agree to be bound by this Confidentiality Agreement;

    d.    any person who was involved in the preparation of the document or information; or

    e.    any other person, entity, or firm with the prior written consent of all Parties; or

    f.    any mediator selected by the parties.

7. Any Party that provides information designated as "CONFIDENTIAL" documents or other discovery obtained from any other Party in the course of this litigation to any person permitted under this Stipulation, including the named Plaintiff and witness(es), or any expert (other than the Court, court personnel, and court reporters or any mediator selected by the parties) will ensure that the receiving person is advised of this Confidentiality Agreement and agrees to be bound by it. Any violation of the Confidentiality Agreement by any person shall also be deemed a violation by the Party that provided to that person the documents and/or information. Each party shall maintain a written list of persons to whom the party provides information designated as "CONFIDENTIAL" by another party.

8. When any document or information designated "COUNSEL ONLY" or "CONFIDENTIAL" or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing or other submission to the Court, those materials and papers, or any portion thereof that discloses information designated as "COUNSEL ONLY" or "CONFIDENTIAL," shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous application pursuant to L.R. 79-5 (hereinafter the "Interim Sealing Application"). The Interim Sealing Application shall be governed by L.R. 79-5. Even if the filing party believes that the materials

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4    CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

~~subject to this Confidentiality Agreement are not properly classified as confidential, the filing party shall file the Interim Sealing Application; provided, however, that the filing of the Interim Sealing Application shall be without prejudice to the filing party's rights~~ under ¶ 9 of the Confidentiality Agreement.

9. Nothing in this Agreement shall preclude any Party from challenging a designation of "COUNSEL ONLY" or "CONFIDENTIAL" by another Party.

    a. If any Party elects to challenge a designation of any data, document, interrogatory response, deposition testimony, or other information pursuant to this order, that Party must provide at least ten (10) days advance written notice to afford the designating Party an opportunity to remove voluntarily such designation.

    b. If, after the ten-day period has expired, the designating Party has not agreed to remove the designation and the Parties are otherwise unable to resolve the challenge to the designation after conferring in good faith in person or by phone, the challenging and designating Parties shall contact the Court for a determination of whether the challenged designation is appropriate. The designating Party shall provide the Court with one copy of the material challenged. If the designating party does not initiate a determination, as defined below, of the designation by the Court within ten (10) days after the ten-day period has expired, the documents, deposition testimony, or other information at issue will lose the designation of "COUNSEL ONLY" or "CONFIDENTIAL." The designating party must initiate determination of the designation by the Court by (1) calling the Magistrate Judge's clerk and requesting a telephonic or in-person hearing, and, if requested by the Magistrate Judge, (2) sending a letter to the challenging party under Central District Local Rule 37-1, followed by a conference of counsel under L.R. 37-1 and the designating party sending that party's portion of a joint stipulation under L.R. 37-2 to the challenging party within ten (10) days after the conference of counsel.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5  CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

  c. If a Party challenges a designation of "COUNSEL ONLY" or "CONFIDENTIAL" to the Court, the material is to be treated as "COUNSEL ONLY" or "CONFIDENTIAL" until such time as the Court has ruled on the challenge, at which time the "COUNSEL ONLY" or "CONFIDENTIAL" designation will be removed only if the Court so orders.

  10. In addition to the obligations of the Parties and their counsel to ensure compliance with this Agreement by third parties who execute Exhibit A hereto, nothing in this Agreement shall preclude any Party from seeking from the Court an Order binding third parties to abide by this Agreement.

  11. Within sixty (60) days after the close of this litigation for any reason, each Party and its counsel shall retrieve all copies of materials designated "COUNSEL ONLY" or "CONFIDENTIAL" from his and/or its own files, and from experts or other persons to whom he or it has provided such materials, and shall do one of the following: (1) return to the designating Party all such materials, including all copies thereof, produced by such designating Party during this action; or (2) certify in writing to the designating Party that all materials designated "COUNSEL ONLY" or "CONFIDENTIAL" produced by such other Party during this action have been destroyed. In addition to these obligations, within forty-five (45) days after the completion of the mediation, if any, Plaintiff's counsel shall retrieve from their files and from all experts they have retained all copies of data and spreadsheets provided by Defendant to Plaintiff's counsel for purposes of mediation, as well as all other compilations, lists or summaries of those materials, and shall return all such materials to Defendant or certify in writing to Defendant that all such materials have been destroyed, which shall include completely erasing all copies of the materials from computer databanks, hard drives, external drives, and disks. A Party who prevails in an effort to enforce some or all of the terms of this Paragraph 11 shall be entitled to recover its reasonable attorneys' fees and costs incurred in doing so.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6  CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

12. To the extent that any documents designated as "COUNSEL ONLY" or "CONFIDENTIAL" are produced by a Party in connection with any mediation in this action, the receiving counsel shall not forward any electronic copies or hard copies of such documents to anyone else and shall return such documents and all copies thereof immediately upon the conclusion of the mediation and shall not retain any copies, summaries, or electronic images of such documents. Notwithstanding the foregoing, the Parties may mutually agree to extend the time for the return of such documents to facilitate continued settlement discussions, if any.

13. Nothing herein contained shall be construed to preclude or limit any Party from opposing any discovery on any grounds that would otherwise be available. This Agreement shall not, in and of itself, prejudice any contention of any Party upon any motion, nor shall this Agreement constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Agreement shall not limit any Party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

14. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in, or the trial of, this action.

15. Inadvertent failure to designate material as "COUNSEL ONLY" or "CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

16. Nothing in this Confidentiality Agreement shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7    CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

the recipient agrees that, upon written request from the producing party, it shall promptly return all copies of documents and/or electronic media provided containing the privileged information, and make no use of the privileged information.

17. In the event that any Party or their counsel obtains information from a third party that the Party believes in good faith to be confidential, the Party may designate such information "COUNSEL ONLY" or "CONFIDENTIAL" pursuant to this Confidentiality Agreement and it shall be treated as such in accordance with the Confidentiality Agreement.

18. Upon the final resolution of this litigation, the provisions of this Confidentiality Agreement shall continue to be binding. The Court will expressly retain jurisdiction over this action for enforcement of the provisions of this Confidentiality Agreement following the final resolution of this litigation.

19. This Confidentiality Agreement is binding on all Parties to this action and on all third parties who have been served with a copy of this Confidentiality Agreement, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court.

Dated:   May 24, 2013              THE CULLEN LAW FIRM, APC

                                    By:  /S/  Paul T. Cullen
                                    *Attorneys for Plaintiffs*
                                    *TYRONE SMITH, GREG VILLANUEVA,*
                                    *JOHN CAUDILL*

Dated:   May 24, 2013              MARLIN & SALTZMAN, LLP

                                    By:  /S/  Christina A. Humphrey
                                    Christina A. Humphrey
                                    *Attorneys for Plaintiffs TYRONE*
                                    *SMITH, GREG VILLANUEVA,*
                                    *JOHN CAUDILL*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8    CASE NO. CV 12-1689 CAS (PJWx)
JOINT DISCOVERY PLAN AND LOCAL RULE 26-1 REPORT

Dated: May 24, 2013

MORGAN, LEWIS & BOCKIUS LLP

By /S/ Megan Barry Borovicka
John S. Battenfeld
Michael J. Puma (admitted *pro hac vice*)
Megan Barry Borovicka

*Attorneys for Defendant*
*BIMBO BAKERIES USA, INC.*

THIS ORDER DOES NOT AUTHORIZE THE PARTIES TO FILE ANY DOCUMENTS UNDER SEAL. NOR DOES IT ALLOW THEM TO FILE DOCUMENTS UNDER AN "INTERIM SEALING APPLICATION." ANY PARTY WISHING TO FILE DOCUMENTS UNDER SEAL SHALL FOLLOW L.R. 79-5.

IT IS SO ORDERED.
DATED: 6/24/13
/s/ Patrick J. Walsh
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# AGREEMENT CONCERNING INFORMATION COVERED BY A CONFIDENTIALITY STIPULATION AND ORDER

The undersigned hereby acknowledges that he/she has read the Stipulation and Order Regarding Confidentiality Of Discovery Material ("Order") in *Tyrone Smith, et al. v. Bimbo Bakeries USA, Inc.*, Civil Action No. CV 12-1689 CAS (PJWx), and understands their terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing their terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any information designated as Counsel Only or Confidential made available to him/her other than in accordance with the Stipulation and Order.

Dated: _____

By: _____
(Type or print name of individual)

Of: _____
      Name of Employer