UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Kiley Grombacher<br>Stanley Saltzman | Michael Puma |

**Proceedings:**  **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** (filed May 31, 2013) [Dkt. No. 64]

## I. INTRODUCTION

On February 28, 2012, plaintiff Tyrone Smith filed suit against defendant Bimbo Bakeries USA, Inc. ("BBU"), on behalf of himself and all others similarly situated. Dkt. No. 1. Plaintiff filed the operative Third Amended Complaint ("TAC") on August 17, 2012, adding Greg Villaneuva and John Caudill as additional plaintiffs. Plaintiffs assert claims for violations of: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) California overtime provisions, Cal. Labor Code §§ 510, 1194(a), 1198; (3) California minimum wage provisions, Cal. Labor Code §§ 1182.12, 1194.2(a), 1194.5;(4) California meal period and rest break provisions, Cal. Labor Code §§ 226.7; (5) California recordkeeping provisions, §§ 1174, 1194.5; (6) itemized wage statement provisions; (7) full and timely wage provisions, Cal. Labor Code §§ 201–204; (8) unfair and unlawful business practices, §§ 17200 et seq.

On May 31, 2013, plaintiffs filed a motion for conditional certification of this case as a collective action pursuant to the FLSA. Defendant opposed the motion on June 21, 2013, and plaintiffs replied on July 12, 2013. Plaintiffs' motion is presently before the Court.

## II. BACKGROUND

Defendant BBU is one of the largest bakery companies in the United States, with over 70 bakeries across the country. Plaintiffs are bakery delivery drivers for BBU,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

otherwise known as Route Sales Representatives or Route Service Representatives ("RSRs"). The parties contest the exact duties of the RSRs. Plaintiffs characterize RSRs as deliverymen employed by for specific, well-defined tasks. See Mot. at 2-4. Defendant, by contrast, portrays RSRs as independent salespeople, many of whom are exempt from the provisions of the FLSA by reason of their sales duties. See Opp. at 2-5.

The terms and conditions of the RSRs' employment with BBU are governed by a set of collective bargaining agreements ("CBAs"). Among other things, these agreements specify how RSRs are paid. For purposes of this motion, the pertinent provisions of the CBAs are that (1) RSRs only earn overtime pay for hours worked in excess of 45 hours a week and (2) the overtime pay calculation does not include commissions. See, e.g., Decl. of Kiley Lynn Grombacher, Ex. F, 22. Plaintiffs allege that both of these pay policies violate the FLSA, and have filed this collective action on behalf of BBU's California RSRs.

## III. LEGAL STANDARD

### A. The Fair Labor Standards Act

Congress enacted the FLSA in 1938 to establish nationwide minimum wage and maximum hours standards. Moreau v. Klevenhagen, 508 U.S. 22, 25 (1993). Section 7 of the FLSA encourages compliance with maximum hours standards by providing that employees generally must be paid on a time-and-one-half basis for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a).

### B. Collective Actions

A "collective action" differs from a class action. McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'" Id. (citing 29 U.S.C. § 216(b)). As a result, "unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results." Id. (citing 29 U.S.C. § 256). Section 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, but it is "within the discretion of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

district court" to authorize such notice. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

The majority of courts follow a two-step approach for determining whether certification of a § 216(b) collective action is appropriate. See, e.g., Reed v. County of Orange, 266 F.R.D. 446, 449 (C.D. Cal. 2010); Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004). Under the two-step approach, the court must first decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Leuthold, 224 F.R.D. at 467. This determination is usually made "under a fairly lenient standard and typically results in conditional class certification." Id. at 467.

In the second stage, which is reached once discovery is complete and the case is ready to be tried, the party opposing class certification may move to decertify the class. Reed, 266 F.R.D. at 449. The court then must make a factual determination regarding the propriety and scope of the class and must consider the following factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations. Pfohl v. Farmers Ins. Grp., 2004 WL 554834, *2-3 (C.D. Cal. Mar. 1, 2004) (citing Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001)). Should the court determine on the basis of the complete factual record that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. Leuthold, 224 F.R.D. at 467.

**IV.    DISCUSSION**

Plaintiffs seek to certify this case as a collective action under § 216(b) of the FLSA. If the court certifies the case, plaintiffs ask the Court to authorize the distribution of Hoffmann-La Roche notices informing members of the class of their right to opt-in to this action. Hoffmann-La Roche Inc., 493 U.S. at 173. Defendants object to (1) certifying the collective action at all and (2) if the action is certified, the scope of the proposed class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

A.   **Certification under the FLSA**

The parties first disagree about the proper standard for determining whether the class should be certified. Plaintiffs ask the Court to apply the usual "two-step approach" to conditional certification, which would involve an "initial notice to prospective plaintiffs followed by a final evaluation whether such plaintiffs are similarly situated." Leuthold, 224 F.R.D. at 466. Under this approach, the Court would evaluate this first-stage conditional certification motion "under a fairly lenient standard"—a standard which "typically results in conditional class certification." Id. at 467.

Defendant, by contrast, contends that the Court should bypass the "two-step approach" and skip directly to a "final evaluation" of whether the potential plaintiffs are similarly situated. Pointing to the thorough discovery already conducted in this case, defendant maintains that there is no need for the lengthy two-step certification process.

The Court finds that the traditional two-step method is appropriate here. While is true that some cases can proceed directly to the second, more rigorous stage of the analysis, see, e.g., Ugas v. H & R Block Enterprises, LLC, 2011 WL 3439219, at *12 (C.D. Cal. Aug. 4, 2011), this is not one of those cases. While it is true that there has already been substantial discovery in this case, much of that discovery was confined to the preemption issues decided in this Court's earlier ruling on defendant's Motion for Summary Judgment. See Dkt No. 39 (limiting discovery for 90 days from December 10, 2012). Moreover, the question of whether the potential plaintiffs are similarly situated will turn almost entirely on the job duties of the RSRs involved in the collective action. See Mot. at 12-15; Opp'n at 11-21; Reply at 14-16. Given this, "[t]he number and type of plaintiffs who choose to opt into the class may affect the court's second tier inquiry regarding the disparate factual and employment situations of the opt-in plaintiffs . . . ." Leuthold, 224 F.R.D. at 468.

As such, the Court will analyze conditional certification using the lenient standard appropriate at this stage of the certification process. Under this standard, plaintiffs must "make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 536 (N.D. Cal. 2007) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

To meet this burden, plaintiffs offer two pieces of evidence.[1]  First, they point to the CBAs, which set forth the allegedly illegal pay policies.  See Decl. of Kiley Lynn Grombacher, Exs. F–L.  These agreements—which all share the premium pay and commission pay policies at issue in this case—are the "single illegal policy, plan or decision" that allegedly harm all of the potential plaintiffs.

Second, plaintiffs provide multiple, nearly identical declarations from RSRs, all claiming that RSRs throughout California have similar duties on the job.  Plaintiff Gerard Carrillo, for instance, outlines how he is responsible for inventorying and loading product at BBU depots, and then providing that product and other services to customers.  Decl. of Gerard Carrillo 2-3.  Plaintiff Tyrone Smith's declaration describes essentially identical job duties.  Decl. of Gerard Carrillo 2-3.  Plaintiffs argue that these common responsibilities, together with the identical pay policies set forth in the CBAs, demonstrate that the RSRs are "similarly situated."

Defendant counters with its own group of declarations which together emphasize how RSR duties vary widely.  See Opp'n 14-21 (summarizing different job duties of RSRs as described by defendant's declerations).  However, the Court need not resolve these factual disputes at this time.  "A detailed analysis of such issues as differing job functions is more properly made" at the second step of the certification process.  Mitchell v. Acosta Sales, LLC, 841 F. Supp. 2d 1105, 1118 (C.D. Cal. 2011).  This is all the more true here where the extent of the differences between RSRs' job duties will depend in large part on which RSRs choose to opt-in to this action.

And even if this were not so, all of the potential class members are still governed by pay policies that are, for purposes of this litigation, identical.  This alone is a "substantial allegation[] that the putative class members were subject to a single illegal

---

[1] In connection with their briefing, both parties lodged dozens of largely boilerplate evidentiary objections to the factual support offered by their opponents.  Setting aside for the moment the merit–if any–of these objections, the Court finds it unnecessary to resolve these evidentiary questions at this early, "lenient" stage.  Cf. Leuthold, 224 F.R.D. at 466 ("Because none of plaintiffs' objections would change the outcome of the court's decision on the pending motions, the court need not rule on any of them at this stage of the litigation.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

policy, plan or decision." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. at 536. In particular, there seems to be no dispute that substantially identical pay policies apply to every member of the prospective class. Thus, this is not a case resting on only "unsupported assertions of widespread violations." Edwards, 467 F. Supp. 2d at 990. As such, based on the allegedly unlawful policies that are common to all members of the prospective class, the Court finds that—at least for purposes of conditional certification—the RSRs in the proposed class are "similarly situated."

Defendant's arguments to the contrary do not change this conclusion. These arguments fall into three categories. First, defendant points out that its pay policies are only illegal if plaintiffs are not exempt under the FLSA. Defendant then relies upon two Ninth Circuit cases to argue that a shared improper exemption is not enough to show that plaintiffs are similarly situated.[2] The Court finds this argument unpersuasive: what makes plaintiffs similarly situated is not their status as exempt or non-exempt, but rather that they are all paid as set forth in the CBAs.

Second, defendant argues that, because plaintiffs only submitted declarations from RSRs working in Southern California, they cannot demonstrate that the potential members of the class—which would include RSRs from all over California—are similarly situated. However, plaintiffs "need not show that [their] position is or was identical to the putative class members' positions; a class may be certified under the FLSA if [they] can show that [their] position was or is similar to those of the absent class members." Edwards, 467 F. Supp. 2d at 990. Here, plaintiffs have provided evidence that RSRs statewide are governed by substantially identical CBAs. See Decl. of Kiley Lynn Grombacher, Exs. F–L. Because BBU has introduced no evidence showing that RSRs outside Southern California are paid differently than RSRs in Southern California, the California-wide CBAs provide a sufficient basis to find that the potential class members are similarly situated.

---

[2] In re Wells Fargo Home Mortgage Overtime Pay Litig., 571 F.3d 953, 955 (9th Cir. 2009); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 937 (9th Cir. 2009). These cases are, in any event, inapposite. Not only were they decided under Rule 23 rather than the FLSA, but they were specifically decided under Rule 23(b)(3). Rule 23(b)(3) requires that common questions "predominate"—a far stricter standard than FLSA's requirement that plaintiffs be "similarly situated."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

Lastly, defendant advances a set of arguments aimed at showing that any collective adjudication will be dominated by individualized factual questions. It contends that determining the membership in the class, exempt status under the FLSA and damages of each RSR will require a separate "mini-trial," thus undermining the purpose of a collective action.

These arguments are premature. At this stage, the only issue before the Court is whether to certify the class conditionally and distribute Hoffmann-La Roche notices to potential members of that class. This Court will undoubtedly revisit whether plaintiffs are similarly situated: "[o]nce discovery is complete and the case is ready to be tried, the party opposing class certification may move to decertify the class." Leuthold, 224 F.R.D. at 467. At that time, the Court will reconsider defendant's arguments. "Should the court determine on the basis of the complete factual record that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." Id.

Accordingly, the court finds that conditional certification is appropriate at this stage of the proceedings.

### B. Scope of the Class

Plaintiffs propose the following class definition:

All current and former Route Sales Representatives and/or Route Service Representatives (i.e. RSRs and similarly titled employees) who, within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling, were employed by Bimbo Bakers USA Inc., in the state of California and who operate or operated, trucks weighing 10,000 lbs. or less.[3]

---

[3]Although this class definition requests equitable tolling of the limitations period, plaintiffs have not provided any justification for this request. As "[e]quitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights," the Court sees no reason why the limitations period should be equitably tolled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

Defendant objects to this proposed definition as both temporally and geographically overbroad. Temporally, defendant asks the court to limit the class period to two years on the grounds that this is the normal FLSA limitations period. 29 U.S.C. § 255. By contrast, the three year limitations period requested by plaintiffs is only available for "willful" violations. Id. While the Court agrees that plaintiffs have not yet shown willfulness, "[g]iven the lenient standard that Plaintiffs face at this stage and the difficulty of establishing, by affidavits, Defendant's willful behavior, the Court finds that . . . for the purpose of conditional certification, the three-year statute of limitations applie[s]." Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 484 (E.D. Cal. 2006).

Defendant also contests the geographic scope of the class definition. It asks that the Court confine the class to the BBU depots where the lead plaintiffs work. As discussed above, however, plaintiffs need not provide a representative from each depot to prove that potential class members are similarly situated. Instead, the allegedly illegal pay policies in the CBAs make the requisite showing at this stage. As such, the court concludes that certification is appropriate for a three-year class covering all of California.

### V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion for conditional certification of the following class:

> All current and former Route Sales Representatives and/or Route Service Representatives (i.e. RSRs and similarly titled employees) who, within three years preceding the date of their decision to opt in to this action, were employed by Bimbo Bakers USA Inc., in the state of California and who operate or operated, trucks weighing 10,000 lbs. or less.

The Court also orders the distribution of Hoffmann-La Roche notices to members of the class. Defendant has requested that the parties meet and confer about the contents of any notice, as well as the procedures for distributing the notice to the potential class

---

Adams, 242 F.R.D. at 542.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1689-CAS (JWx) | Date | August 19, 2013 |
|---|---|---|---|
| Title | TYRONE SMITH, ET AL. V. BIMBO BAKERIES USA, INC. | | |

members. As plaintiffs have indicated a willingness to meet and confer with defendant, the Court orders the parties to meet and confer and attempt to agree upon a joint proposed notice. If the parties are unable to reach an agreement, the parties may each submit a brief, not to exceed five pages, regarding the appropriate contents and distribution procedures of the notice. These briefs must be submitted by August 26, 2013.

    IT IS SO ORDERED.

|   |   |   |
|---|---|---|
|   | 00 | : 18 |
| Initials of Preparer | CMJ | |